## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| HEARTLAND AUTOMOTIVE SERVICES, INC., d/b/a/ JIFFY LUBE | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, (ADA), as amended by the ADA Amendment Act of 2008 (ADAAA), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Louis A. Davidson, who was adversely affected by such practices.

As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission contends that Defendant Heartland Automotive Services, Inc., failed to hire Mr. Davidson as a lube technician because of his disability.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, Heartland Automotive Services, Inc., doing business as Jiffy Lube, ("Defendant Employer") has continuously been doing business in the State of Tennessee and the City of Memphis, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6.      At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty (30) days prior to the institution of this lawsuit, Louis A. Davidson filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      Since at least September 2010, Defendant Employer has engaged in unlawful employment practices at its Memphis, Tennessee facilities in violation of Sections 102(a) of Title I of the ADA, 42 U.S.C. §§ 12112(a).

9.      These unlawful practices include, but are not limited to, Defendant Employer's failure to hire Mr. Louis A. Davidson because of his disability.

(a)     Mr. Davidson is hearing impaired and uses a hearing aid.

(b)     With his hearing aid, Mr. Davidson's hearing is limited to around forty to fifty percent.

(c)     Without a hearing aid, Mr. Davidson's hearing is limited to approximately two percent.  He can read lips and speak.

(d)     Mr. Davidson is a qualified individual with a disability under the definition of the ADA, as amended by the ADA Amendments Act of 2008.

(e)     As a result of his impairment, Mr. Davidson is substantially limited in the major life activity of hearing as compared to most people in the general population.

(f)     On or about September 20, 2010, Mr. Davidson submitted an online application for employment as a lube technician with Defendant Employer in the Memphis, Tennessee area.

(g)     On or about September 21, 2010, Mr. Gordon Higgins, a store manger for Defendant Employer, telephoned Mr. Davidson's home to inquire about Mr. Davidson's availability and interest in working as a lower bay lube technician at Defendant Employer's store located as 5171 Poplar Avenue in Memphis, Tennessee.

(h)     Mr. Davidson's mother answered the telephone and informed Mr. Higgins that Mr. Davidson could not speak on the telephone because he is "deaf."

(i)     Mr. Higgins did not ask any further questions but simply responded by stating "never mind we can't hire him because he is deaf."

(j)      Mr. Davidson's mother told Mr. Higgins that she believed such a policy was discriminatory.

(k)      Mr. Higgins said that his employees had to be able to communicate without seeing each other and that he did not have a position for Mr. Davidson.  The telephone conversation then ended.

(l)      The essential functions of the lower bay lube technician position consist of the following:  completing under vehicle inspection, removing oil drain plug, loosening and removing oil filter, wiping mounting plate and checking filter spindle, installing new oil drain plug and new oil filter, wiping fittings and lubricate, checking and filling gearboxes, reporting under vehicle status to upper bay, observing under carriage once the car is started to ensure there are no leaks, and performing lower bay quality inspection.

(m)      Mr. Davidson met the requirements for a lower bay lube technician position.

(n)      He was able to perform the essential functions of the position with a reasonable accommodation.

10.      The effect of the practices complained of in paragraphs 9 (a)-(n) above has been to deprive Mr. Davidson of equal employment opportunities and to otherwise adversely affect his employment because of his disability.

11.      The unlawful employment practices complained of in paragraphs 9 (a)-(n) above were and are intentional.

12.      The unlawful employment practices complained of in paragraphs 9 (a)-(n) above were done with malice or with reckless indifference to the federally protected rights of Louis A. Davidson.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to make whole Louis A. Davidson by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay for Louis A. Davidson.

D.    Order Defendant Employer to make whole Louis A. Davidson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 9 above, including but not limited to expenses for relocation, job search, medical expenses not covered by employee benefit plans, as well as other out-of-pocket expenses, in amounts to be determined at trial.

E.    Order Defendant Employer to make whole Louis A. Davidson by providing compensation for non-pecuniary losses resulting from the unlawful practices complained of in paragraph 9 above including, but not limited to, emotional distress, pain and suffering, embarrassment, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.    Order Defendant Employer to pay Louis A. Davidson punitive damages for its malicious and reckless conduct described in paragraph 9 above in amounts to be determined at trial.

5

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


s/ Faye A. Williams (with permission MHM)
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730


s/ Joseph M. Crout (with permission MHM)
Joseph M. Crout
Supervisory Trial Attorney
TN Bar No. 012957


s/ Matthew H. McCoy
Matthew H. McCoy
Trial Attorney
IN Bar No. 29368-49

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 900
Memphis, TN  38104
(901) 544-0070